**Below is a Memorandum Decision of the Court.**

_____
**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| B-1208 Pine, LLC,<br><br>               Debtor. | Case No. 24-10088 |
| SJS Mechanical Services, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>Walsh Construction Company II, LLC; and Travelers Casualty and Surety Company of America, Bond No. 107580832 and Bond No. 100900200201037,<br><br>               Defendants. | Adv. No. 24-01010<br><br>MEMORANDUM DECISION ON WALSH CONSTRUCTION COMPANY II, LLC'S JURY DEMAND |
| Walsh Construction Company II, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>Pine Esker; B-1208 Pine, LLC; Bank Ozk; First Financial Northwest Bank; and Pivot Apartment Lender LLC,<br><br>               Defendants. | |

Memorandum Decision on Walsh Construction Company II LLC's Jury Demand - 1

Pursuant to Local Bankr. R. 9015-1(c)(2), the Court issues the following determination on the jury demand of Walsh Construction Company II, LLC ("Walsh").

1. <u>Walsh Demands a Jury Trial on the Claims and Counterclaims</u>.

By way of brief background, this matter began in King County Superior Court, State of Washington (the "State Court Proceeding"). Report of Proceedings, ECF No. 68. Two different lawsuits were consolidated in the State Court Proceeding. One of the defendants, Pivot Apartment Lender LLC ("Pivot Lender"), removed The State Court Proceeding to this Court on January 23, 2024. ECF No. 1. Several claims and parties have been dismissed. The following claims and counterclaims remain.

Walsh asserts claims against Defendants Pine Esker, LLC ("Pine Esker"), B-1208 Pine, LLC "(B-1208), and Pivot Apartment Lender LLC ("Pivot Lender") for:

(1) breach of contract

(2) breach of good faith and fair dealing

(3) foreclosure of claim of lien

(4) quantum meruit

*See* Amended Complaint for Breach of Contract, Foreclosure of Lien, Breach of Good Faith and Fair Dealing, and Quantum Meruit (the "Amended Complaint"), ECF No. 68-16.

Pine Esker and B-1208 filed an answer and counterclaims against Walsh for:

(1) unexcused delay (Pine Esker asserts claim for liquidated damages, balance of the cause of action asserted by both)

(2) costs to complete work (asserted by both)

(3) breach of contract (asserted by both)

(4) SJS Mechanical Services (asserted by Pine Esker only)

(5)  right to audit (asserted by Pine Esker only)

(6)  violations of Washington's Consumer Protection Act (asserted by Pine Esker only)

*See* Answer and Counterclaims of Defendants Pine Esker, LLC and B-1208 Pine LLC ("Pine Esker and B-1208 Answer"), ECF No. 68-18.

Pivot Lender asserts a single counterclaim for a declaratory judgment on multiple issues:

(1) equitable subrogation

(2) unjust enrichment

(3) lien priority

(4) satisfaction of its contractual and statutory obligations

*See* Defendant Pivot Apartment Lender LLC's Amended Answer to Amended Complaint for Breach of Contract, Foreclosure of Lien, Breach of Good Faith and Fair Dealing, and Quantum Meruit ("Pivot's Answer"), ECF No. 25.

Walsh demanded a jury trial with its complaint filed in the State Court Proceeding and filed a separate jury demand. ECF No. 2-1 at 55 and 184. After removal, Walsh filed a separate document confirming its demand for a jury in this proceeding. ECF No. 8. In answer to the counterclaims asserted by the other defendants, Walsh again requested a jury. ECF Nos. 77 and 78.

2.  <u>Was the Jury Demand Properly Filed?</u>

Where a jury trial is demanded as permitted by Fed. R. Civ. P. 38, a demand shall be made, whether or not also made in a pleading, in a separate document entitled "Demand for Jury Trial" and be filed either (1) with the notice of removal or (2) with a party's first pleading, or within 30 days of the filing of a notice of removal (pursuant to Fed. R. Bankr. P. 9027 and Local Bankruptcy Rule 9027-1), whichever is earlier. Local Bankr. R. 9015-1(b). Walsh filed its

separate jury demand prior to its first pleading and on the 30th day after Pivot Lender filed the notice of removal. The Court concludes Walsh properly filed a jury demand.[1]

3. <u>Does Walsh Have a Right to a Jury Trial on All Claims and Counterclaims</u>?

"The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a), made applicable by Fed. R. Bankr. P. 9015(a). In turn, the Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

The phrase "suits at common law" in the Seventh Amendment refers to "suits in which *legal* rights were to be ascertained and determined," as opposed "to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

To determine when a Seventh Amendment right to a jury trial exists, *Granfinanciera* established a three-part test. <u>First</u>, courts "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 42 (internal quotation marks omitted). "Although the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791, the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century." *Id.* at 41–42 (internal quotation marks omitted).

<u>Second</u>, courts examine the remedy sought and determine whether it is legal or equitable

---

[1] Even if Walsh had not followed the local rule, Ninth Circuit authority suggests this Court could not deny Walsh a jury trial on any issue as a consequence. *Pradier v. Elespuru*, 641 F.2d 808, 810–11 (9th Cir.1981) (holding that, where the body of a pleading contains a jury trial demand, the pleading need not also state in its caption that a jury trial is requested in order to comply with Rule 38(b)—even if a district court rule requires such a statement).

Memorandum Decision on Walsh Construction Company II LLC's Jury Demand - 4

in nature. "The second stage of this analysis is more important than the first." *Id.* at 42 (citation and internal quotation marks omitted).

      Third, courts examine the nature of the right asserted. "If a claim that is legal in nature asserts a 'public right,' ... then the Seventh Amendment does not entitle the parties to a jury trial if Congress assigns its adjudication to an administrative agency or specialized court of equity." *Id.* at 42 n. 4. A case asserts a public right if it "arise[s] between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments," *id.* at 51 n. 8, or involves "a seemingly private right" created by Congress "that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary," *id.* at 54 (internal quotation marks omitted).

      Federal law governs whether a party is entitled to a jury trial and if so, on what issues. *Granite State Ins. v. Smart Modular Tech.*, 76 F. 3d 1023, 1026-27 (9th Cir. 1996). State law determines only the elements of the cause of action and the propriety of the remedies sought, *Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122 (1st Cir. 1992), but Federal law governs the inquiry on whether an action is legal or equitable, *Simler v. Conner*, 372 U.S. 221, 222 (1963).

      Where a particular suit involves "both legal and equitable claims, 'the right to trial by jury of legal claims must be preserved.'" *In re Simon*, 634 B.R. 1057, 1060 (Bankr. D. Haw. 2021) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471-72 (1962); *see also Beacon Theatres v. Westover*, 359 U.S. 500, 510–11 (1959). That is, the Supreme Court has held that the right to a jury trial on legal issues may not be infringed "by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims." *Ross v.*

*Bernhard*, 396 U.S. 531, 537–38 (1970). Wherever possible, this discretion should be exercised to preserve the jury trial. *Beacon Theatres*, 359 U.S. at 510. There is not only a right to a jury for the legal claims, but where there are both legal and equitable claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." *Dairy Queen*, 369 U.S. at 479.

With this backdrop, the Court addresses Walsh's right to a jury trial on each claim and counterclaim.

1. <u>Breach of contract</u>. Walsh asserts that, contrary to and in breach of its express and implied warranties and obligations, Pine Esker and B-1208[2] failed and refused to pay sums due and owing to Walsh. ECF No. 68-16. Binding case authority holds that Walsh's claims for breach of contract are legal in nature and triable to a jury. As the U.S. Supreme Court observed:

> We find it unnecessary to resolve this ambiguity in the respondents' complaint because we think it plain that their claim for a money judgment is a claim wholly legal in its nature however the complaint is construed. As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character.

*Dairy Queen*, 369 U.S. at 477; *see also In re Cinematronics, Inc.*, 916 F.2d 1444, 1448 (9th Cir.1990) (party has Seventh Amendment right to a jury trial for actions for breach of contract). Walsh has a right to a jury trial on its claim for breach of contract.

2. <u>Breach of good faith and fair dealing</u>. Walsh alleges that Pine Esker and B-1208 failed to perform the contract with Walsh in good faith when Pine Esker and B-1208 failed to comply with the terms of the contract, failed to timely and properly address design defects and change orders submitted by Walsh, and failed to timely issue payment. Again, the Ninth Circuit

---

[2] In its Amended Complaint, Walsh collectively labels Pine Esker and B-1208 as "Vibrant Cities" and asserts all claims against both entities, even though it entered into a contract with only Pine Esker. Walsh appears to disregard the separateness of the two companies without explaining why the Court should treat them as one.

Court of Appeals has declared a party has a Seventh Amendment right to a jury trial on claims alleging breach of the implied covenant of good faith and fair dealing. *Cinematronics, Inc.*, 916 F.2d at 1448. Walsh is entitled to a jury trial on this cause of action.

3. <u>Foreclosure of claim of lien</u>. The Ninth Circuit Court of Appeals determined that "the enforcement of liens is a long established and well recognized function of the courts of equity." *Perera Co. v. Goldstone*, 491 F.2d 386, 387 (9th Cir. 1974). Walsh concedes that it has no right to a jury trial on its own claim for foreclosure, clarifying that it "seeks the equitable remedy of lien foreclosure that would follow the jury trial on the legal claims." ECF No. 89 at 4.

4. <u>Quantum meruit</u>. Walsh relies on quantum meruit to assert a claim for compensation for the fair and reasonable value of its work, material, and services. Historically, claims for amounts due based on quantum meruit were considered actions for assumpsit. *Healy-Tibbitts Const. Co. v. Hawaiian Independent Refinery, Inc.*, 673 F.2d 284, 286 (9th Cir. 1982). Actions for assumpsit were legal in nature in 18th-century actions brought in the courts of England. *Granfinanciera*, 492 U.S. at 43.

While there does not appear to be any binding authority on quantum meruit specifically, courts have held, "[a]ctions for unjust enrichment seeking restitution are typically described as equitable in nature," however, "actions for quasi-contract or unjust enrichment were heard in courts of law in 1791 … [therefore, the claim] for unjust enrichment is legal in nature." *In re Automotive Professionals, Inc.*, 389 B.R. 621, 627 (Bankr. N.D. Ill. 2008); *see Grochocinski v. La Salle Bank, N.A.*, (*In re K & R Express Systems, Inc.*), 382 B.R. 443, 48 (N.D. Ill. 2007) (action for unjust enrichment is legal in nature because money judgment sought); *see also Hughes v. Priderock Cap. Partners, LLC.*, 812 F. App'x 828, 836 (11th Cir. 2020) (holding an action for breach of contract implied in law is comparable to the 18th-century action of

assumpsit, and the requested remedy—return of the benefit he conferred—was legal in nature, so plaintiff had a right to a jury trial under the Seventh Amendment). This Court concludes Walsh has a Seventh Amendment right to a jury trial on its claim for quantum meruit.

5. <u>Unexcused delay</u>. Pine Esker asserts as a counterclaim that, due to unexcused delays, Walsh is liable to Pine Esker, LLC for the maximum amount of liquidated damages allowed under the construction contract. While not styled as a breach of contract claim, Pine Esker clearly seeks a determination that Walsh failed to perform under the contract and owes Pine Esker damages. Walsh is entitled to a jury trial on this counterclaim.

6. <u>Costs to complete work</u>. Pine Esker and B-1208 assert as a counterclaim that Walsh fell increasingly behind the agreed Project schedule and failed to heed repeated requests to get its work done, the answering parties mitigated their resulting damages by stepping in to complete portions of Walsh's work, and they are entitled to reimbursement of all costs incurred to perform that work. Again, this counterclaim sounds in contract, as Pine Esker and B-1208 contend Walsh failed to perform their contractual obligations and Pine Esker and B-1208 suffered damages as a consequence. Walsh is entitled to a jury trial on this counterclaim.

7. <u>Breach of contract</u>. Pine Esker and B-1208 assert that Pine Esker paid Walsh the full retainage balances that Walsh reported as being owed to its various subcontractors and suppliers on the Project, but Walsh breached its agreement to pass those sums through to the various subcontractors and suppliers, in exchange for appropriate lien waivers and releases under the contract. Pine Esker and B-1208 clearly seek damages for breach of a contract, and Walsh has a right to a jury trial on this counterclaim.

8. <u>SJS Mechanical Services</u>. With this oddly named counterclaim, Pine Esker contends Walsh subcontracted plumbing work to SJS Mechanical Services, LLC, who failed to

comply with the project specifications. Based on alleged non-conforming work by SJS Mechanical and Walsh's refusal to correct it, Pine Esker asserts it is entitled to withhold damages based on the cost of corrective work and/or the costs saved by not meeting the Project specification. Again, this counterclaim sounds in contract—Pine Esker complains that Walsh failed to perform contract requirements and injured Pine Esker as a consequence. Walsh has a right to a jury trial on this counterclaim.

       9.      <u>Right to audit</u>. With this counterclaim, Pine Esker asserts that, pursuant to the construction contract, it is entitled to prompt access to Walsh's project records and accounts for purposes of auditing and/or copying them. Pine Esker contends that, to the extent that Walsh fails to cooperate with the audit or to the extent the Walsh has failed to maintain accounting and control systems satisfactory to Pine Esker, Walsh is in breach of its contract.

      This counterclaim appears to be a pure breach of contract cause of action. If Pine Esker were to assert that it seeks an equitable remedy for accounting, the Court would still conclude Walsh is entitled to a jury trial on this counterclaim. A party may bring suit for an equitable accounting only in the absence of an adequate remedy at law. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). To prevail on this claim, "the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Id.* However, a money claim cast in terms of an "accounting" rather than in terms of an action for "debt" or "damages" is not purely equitable. *Id.* at 477-48. Here, Pine Esker plainly states that its right to accounting is based on the contract, and thus it has an adequate remedy at law. Walsh has a right to a jury trial on this counterclaim.

      10.     <u>Violations of Washington's Consumer Protection Act</u>. Pine Esker asserts Walsh's practice of waiting until the end of a project and then asserting liens for large new claims places

a heavy and unfair burden on its customer, causing substantial damage including impairment of project financing. Pine Esker contends that Walsh's claim strategy constitutes an unfair act or practice entitling Pine Esker to treble damages and an award of attorney's fees under the Washington State Consumer Protection Act (the "CPA").

The U.S. Supreme Court recently issued a decision that discusses jury trial rights to statutory claims. Initially, the Supreme Court observed that to determine whether a suit is legal in nature, courts must consider the cause of action and the remedy it provides. Since some causes of action sound in both law and equity, the remedy is the more important consideration. *Sec. & Exch. Comm'n v. Jarkesy*, 144 S. Ct. 2117, 2129 (2024) (citations omitted). Examining the particular act at issue (the Securities Act), the Supreme Court noted that while courts of equity could order a defendant to return unjustly obtained funds, only courts of law issued monetary penalties to punish culpable individuals, and civil penalties are a type of remedy at common law that could only be enforced in courts of law. *Id.* (citations omitted).

With its counterclaim for violations of the CPA, Pine Esker does not seek return of money paid but instead asks this Court to punish Walsh by awarding treble damages and attorneys' fees. This remedy is a civil penalty, and Walsh therefore has a right to a jury trial on this counterclaim.

11. <u>Declaratory judgment for equitable subrogation</u>. With this counterclaim, Pivot asserts it should be equitably subrogated to a first priority lien position, senior to any lien of Walsh, in the amount of $20,035,537.27. The Ninth Circuit has described equitable subrogation as a broad equitable remedy. *Mort v. United States*, 86 F.3d 890, 894 (9th Cir. 1996). The nature of the claim seeks a determination of priority of liens, which lies in equity. Walsh is not entitled to a jury trial on this counterclaim.

12. <u>Declaratory judgment for unjust enrichment</u>. Pivot complains that allowing Walsh's lien to take first priority would unjustly enrich Walsh by putting its lien before Pivot's lien for $20,035,537.27, which Walsh agreed to be behind by commencing work on the property knowing it was subject to the existing deed of trust granted to Bank OZK. While this is couched as unjust enrichment, this counterclaim really seeks a determination of the priority of liens. As discussed above, the Ninth Circuit confirmed the enforcement of liens is an equitable exercise. *Perera Co.*, 491 F.2d at 387. Walsh is not entitled to a jury trial on this counterclaim.

13. <u>Declaratory judgment for lien priority</u>. Pivot seeks a determination that any foreclosure of Walsh's lien would be subject to, and not eliminate, Pivot's deed of trust on the property. Again, this counterclaim seeks a determination of the priority of two liens, which sounds in equity. Consequently, Walsh has no right to a jury trial on this counterclaim.

14. <u>Declaratory judgment for satisfaction of obligations</u>. Pivot requests a determination that it complied with and satisfied all of its contractual, statutory, common law, and other duties and obligations with respect to the real property, and any other applicable laws and regulations. The Supreme Court has declared that one party cannot deprive the other party of its right to a jury trial on a legal claim by seeking a declaratory judgment on the same matter. *Beacon Theatres, Inc.*, 359 U.S. at 504. Here, Pivot asks the Court to declare that it has not breached any contracts or violated any laws—issues that are triable to a jury for reasons stated above. Walsh is entitled to a jury trial on this counterclaim.

In sum, the Court concludes that Walsh is entitled to a jury trial on its First, Second, and Fourth Causes of Action, on all six counterclaims asserted by Pine Esker and B-1208, and on Pivot's counterclaim for a compliance determination. Walsh does not have a right to a jury trial on its Third Cause of Action or the other three counterclaims asserted by Pivot. Because Walsh

Memorandum Decision on Walsh Construction Company II LLC's Jury Demand - 11

**Below is a Memorandum Decision of the Court.**

has not consented to this Court conducting a jury trial, the Court would normally direct Walsh to file a motion for withdrawal of the reference. But Walsh already requested withdrawal of the reference, and the District Court denied the motion without prejudice to re-filing when (and if) the case is ready to proceed to trial. *See* ECF No. 53. Therefore, this Court will continue to handle all pre-trial matters.

///END OF MEMORANDUM DECISION///